APRIL 17, 1802.

# Benj. Pope *et al. v.* The Commonwealth.

*Upon a writ of error to reverse a judgment of the General Court.*

1. Notice to a surety in a sheriff's bond of a motion for a judgment thereon, is sufficiently served by leaving a copy thereof at the house of the surety.
2. Where the statute authorizes the auditor to move "against delinquent sheriffs and their securities," it is not necessary to prosecute the sheriff to insolvency before proceeding against the surety.

Pope *v.* The Commonwealth.

In these cases the first objection stated by the plaintiff's counsel is, " that it does not appear from the affidavit that the defendant Pope in the court below had personal notice," it is only stated " that *a copy was left at his house;*" therefore, this is not a sufficient service. The court, in their researches on the subject of notice, hath discovered a case reported in 4th Durnfd. and East's Reports, 465, where Lord Kenyon says, that " in every case of the service of a notice, leaving it at the dwelling-house of the party has always been deemed sufficient. So, wherever the legislature has enacted that, before a party shall be affected by any act, notice shall be given to him, *leaving that notice at his house is sufficient.*" If this doctrine is sound, it seems to the court fully to embrace the objection now made and to refute it.

The next objection is, " that from the law in force at the time the bonds were given, the securities were not liable to judgment until it should appear by the return on an execution that the amount could not be made of the sheriff." The court, in examining the different revenue laws, find that in the 11th section of the revenue law of 1793, the auditor is authorized to move against the delinquent sheriffs and their securities, and this law being in force at the time these bonds were given, removes the objection.

The other objections as to errors in the accounts, the court find upon examination are not sustainable, and if an error does exist it is in favor of the plaintiff. Therefore, it is considered by the court, that the judgments aforesaid be affirmed; that the defendant may proceed to have the benefit thereof in the court below and recover of the plaintiffs her costs in this behalf expended, which is ordered to be certified to the said court.